

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| MICHAEL W. YOUNG SANG, | ) | No. 14-72276 |
| | ) | |
| Petitioner, | ) | Agency No. A072-910-349 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| JEFFERSON B. SESSIONS III, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2017**
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

Michael Wayne Young Sang, a native and citizen of Jamaica, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his application for

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

deferral of removal under the Convention Against Torture (CAT)[1].  We deny the petition.

Young Sang argues that the BIA's determination that he was not entitled to deferral of removal[2] is not supported by substantial evidence.[3]  However, we must uphold the BIA's factual findings unless the record compels a contrary conclusion.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam).  Young Sang would have to demonstrate "that the evidence he presented was so compelling that no reasonable factfinder could fail to find" that it was more likely than not that he would be subjected to torture in Jamaica.  *Elias-Zacarias*, 502 U.S. at 483–84, 112 S. Ct. at 817; *see also Lanza*, 389 F.3d at 936.

We have carefully reviewed the record and we are satisfied that Young Sang cannot meet that standard.  In order to do so he would have to show that the evidence compelled the determination that it was "more likely than not that he . . . would be tortured if removed" to Jamaica.  *See* 8 C.F.R. §§ 1208.16(c)(2),

---

[1]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[2]*See* 8 C.F.R. § 1208.17(a).

[3]*See Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004).

2

1208.17(a); *see also Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007). That he has not done.

"Torture is an extreme form of cruel and inhuman treatment . . . ." 8 C.F.R. § 1208.18(a)(2). The evidence here does not compel a determination that Young Sang suffered that degree of harm in the past. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005). He did show that he suffered some physical harm, but not to a degree bespeaking torture. *See e.g.*, *Ahmed*, 504 F.3d at 1200–01; *Kumar v. Gonzales*, 444 F.3d 1043, 1047–49, 1055–56 (9th Cir. 2006). Nor does the evidence compel a determination that Young Sang would more likely than not be tortured in the future. It is not sufficient to show evidence of generalized violence[4] and of some police brutality,[5] and Young Sang did not establish "that [he] would face any particular threat of torture."[6] Moreover, while the Jamaican government may not always be successful in prosecuting perpetrators of violence, that does not compel a determination that the government consents to or acquiesces in the violence. *See* 8 C.F.R. § 1208.18(a)(1); *see also Del Cid Marroquin*, 823 F.3d at 937.

Petition DENIED.

---

[4]*See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam)

[5]*See Lanza*, 389 F.3d at 936.

[6]*Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam).

3